United States Courts
Southern District of Texas
FILED

JAN 25 2017

Appendix B

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_Houston_ DIVISION

United States Courts
Southern District of Texas
FILED

JAN 23 2017

David J. Bradley, Clerk of Court

_Larry D Lee_

§
§
§                    CIVIL ACTION NO. _____
versus               §
§
_Texas WorkForce Commission_    §
_Commission Appeals_    §
_101 East 15 th St_    §
_Austin Tx 77778-0001_    ORIGINAL COMPLAINT

Texas WorkForce Commission Commission appeals, Claimant appeal Rights From Commission appeals, under section 212.153 of the Texas Unemployment Compensation act provides that this decision will Become Final Fourteen (14) days after the date mailing thereof.

_Larry D Lee_
01/23/2017

TEXAS WORKFORCE COMMISSION
COMMISSION APPEALS
101 EAST 15TH ST
AUSTIN TX 78778-0001

Appeal Rights from Commission Appeals

A copy of the decision of the Texas Workforce Commission is either printed on the reverse side of this form or attached. The date of mailing of the decision is set out at the top of the decision. All mailing dates are shown as month, day and year.

You have two methods of appeal available: (1) filing a motion for rehearing with the Commission, or (2) filing a petition for judicial review in a court of competent jurisdiction.

Section 212.153 of the Texas Unemployment Compensation Act provides that this decision will become final fourteen (14) days after the date of mailing thereof, unless within such fourteen (14) days, the appeal is reopened by Commission order or a party to the appeal files a written motion for rehearing.

YOU MAY FILE A MOTION FOR REHEARING BY MAILING IT DIRECTLY TO THIS OFFICE AT THE ADDRESS SHOWN ABOVE, OR BY FAX AT FAX NUMBER (512) 475-2044. IF YOU MAIL YOUR MOTION FOR REHEARING TWC WILL USE THE POSTMARK DATE TO DETERMINE THE DATE OF THE MOTION FOR REHEARING. YOUR MOTION FOR REHEARING CAN ALSO BE FILED ON-LINE AT:
www.texasworkforce.org/uiappeal (claimants) and www.texasworkforce.org/uiappealemployer (employers.)

TWC MUST RECEIVE YOUR MOTION FOR REHEARING NO LATER THAN 14 DAYS FROM THE DATE THE DECISION WAS MAILED.

TWC WILL USE THE DATE OF RECEIPT TO DETERMINE WHETHER YOUR APPEAL IS TIMELY. YOU SHOULD RETAIN YOUR FAX CONFIRMATION /E-MAIL CONFIRMATION NUMBER AS PROOF OF TRANSMISSION.

THE COMMISSION WILL GRANT YOUR MOTION ONLY IF IT:

(1)     DESCRIBES SPECIFIC NEW EVIDENCE THAT IS NOT IN THE RECORD,

(2)     STATES A TRUE, COMPELLING REASON WHY THE EVIDENCE WAS NOT PRESENTED AT THE EARLIER HEARING, AND

(3)     EXPLAINS SPECIFICALLY HOW THE NEW EVIDENCE WILL CHANGE THE OUTCOME OF THE CASE.

The Commission will grant your motion only if you have shown substantial reasons for granting it. Please include the claimant's social security number and appeal number in your motion.

Chapter 212 of the Texas Unemployment Compensation Act provides in Subchapter E that a party aggrieved by a final decision of the Commission may obtain judicial review of the decision by bringing an action against the Commission in a court of competent jurisdiction in the county of claimant's residence for a trial de novo review of the decision. Such action must be brought between the 15th and the 28th day after the date of the Commission decision, and each other party to the proceeding before the Commission must be made a defendant in such action. If the claimant is not a Texas resident, such action must be filed in Travis County, or the Texas county where claimant's last employer has its principal place of business, or in the Texas county of claimant's last residence. The petition in such action must state the grounds on which review is sought, and must be served on a member of the Commission or on General Counsel, Suite 608, 101 E 15th St., Austin TX 78778, the person designated by the Commission to receive service on its behalf and there must be left with such person as many copies of the petition as there are defendants. This constitutes completed service on all parties, and the Commission immediately shall mail one copy of the petition to each defendant.

| NOTICE TO CLAIMANT: |
| :---: |
| You must continue to conduct an active work search and keep records. |

A-8(0814)

TEXAS WORKFORCE COMMISSION
COMMISSION APPEALS
101 EAST 15TH ST
AUSTIN TX 78778-0001

Appeal Rights from Commission Appeals

A copy of the decision of the Texas Workforce Commission is either printed on the reverse side of this form or attached. The date of mailing of the decision is set out at the top of the decision. All mailing dates are shown as month, day and year.

You have two methods of appeal available: (1) filing a motion for rehearing with the Commission, or (2) filing a petition for judicial review in a court of competent jurisdiction.

Section 212.153 of the Texas Unemployment Compensation Act provides that this decision will become final fourteen (14) days after the date of mailing thereof, unless within such fourteen (14) days, the appeal is reopened by Commission order or a party to the appeal files a written motion for rehearing.

YOU MAY FILE A MOTION FOR REHEARING BY MAILING IT DIRECTLY TO THIS OFFICE AT THE ADDRESS SHOWN ABOVE, OR BY FAX AT FAX NUMBER (512) 475-2044. IF YOU MAIL YOUR MOTION FOR REHEARING TWC WILL USE THE POSTMARK DATE TO DETERMINE THE DATE OF THE MOTION FOR REHEARING. YOUR MOTION FOR REHEARING CAN ALSO BE FILED ON-LINE AT:
www.texasworkforce.org/uiappeal (claimants) and www.texasworkforce.org/uiappealemployer (employers.)

TWC MUST RECEIVE YOUR MOTION FOR REHEARING NO LATER THAN 14 DAYS FROM THE DATE THE DECISION WAS MAILED.

TWC WILL USE THE DATE OF RECEIPT TO DETERMINE WHETHER YOUR APPEAL IS TIMELY. YOU SHOULD RETAIN YOUR FAX CONFIRMATION /E-MAIL CONFIRMATION NUMBER AS PROOF OF TRANSMISSION.

THE COMMISSION WILL GRANT YOUR MOTION ONLY IF IT:

    (1)    DESCRIBES SPECIFIC NEW EVIDENCE THAT IS NOT IN THE RECORD,

    (2)    STATES A TRUE, COMPELLING REASON WHY THE EVIDENCE WAS NOT PRESENTED AT THE EARLIER HEARING, AND

    (3)    EXPLAINS SPECIFICALLY HOW THE NEW EVIDENCE WILL CHANGE THE OUTCOME OF THE CASE.

The Commission will grant your motion only if you have shown substantial reasons for granting it. Please include the claimant's social security number and appeal number in your motion.

Chapter 212 of the Texas Unemployment Compensation Act provides in Subchapter E that a party aggrieved by a final decision of the Commission may obtain judicial review of the decision by bringing an action against the Commission in a court of competent jurisdiction in the county of claimant's residence for a trial de novo review of the decision. Such action must be brought between the 15th and the 28th day after the date of the Commission decision, and each other party to the proceeding before the Commission must be made a defendant in such action. If the claimant is not a Texas resident, such action must be filed in Travis County, or the Texas county where claimant's last employer has its principal place of business, or in the Texas county of claimant's last residence. The petition in such action must state the grounds on which review is sought, and must be served on a member of the Commission or on General Counsel, Suite 608, 101 E 15th St., Austin TX 78778, the person designated by the Commission to receive service on its behalf and there must be left with such person as many copies of the petition as there are defendants. This constitutes completed service on all parties, and the Commission immediately shall mail one copy of the petition to each defendant.

| NOTICE TO CLAIMANT: |
| --- |
| You must continue to conduct an active work search and keep records. |

A-8(0814)

TEXAS WORKFORCE COMMISSION
COMMISSION APPEALS
101 EAST 15TH ST
AUSTIN TX  78778-0001

Appeal Rights from Commission Appeals

A copy of the decision of the Texas Workforce Commission is either printed on the reverse side of this form or attached.  The date of mailing of the decision is set out at the top of the decision. All mailing dates are shown as month, day and year.

You have two methods of appeal available:  (1)  filing a motion for rehearing with the Commission, or  (2)  filing a petition for judicial review in a court of competent jurisdiction.

Section 212.153 of the Texas Unemployment Compensation Act provides that this decision will become final fourteen (14) days after the date of mailing thereof, unless within such fourteen (14) days, the appeal is reopened by Commission order or a party to the appeal files a written motion for rehearing.

YOU MAY FILE A MOTION FOR REHEARING BY MAILING IT DIRECTLY TO THIS OFFICE AT THE ADDRESS SHOWN ABOVE, OR BY FAX AT FAX NUMBER (512) 475-2044.  IF YOU MAIL YOUR MOTION FOR REHEARING TWC WILL USE THE POSTMARK DATE TO DETERMINE THE DATE OF THE MOTION FOR REHEARING.  YOUR MOTION FOR REHEARING CAN ALSO BE FILED ON-LINE AT:
 www.texasworkforce.org/uiappeal (claimants) and www.texasworkforce.org/uiappealemployer (employers.)

TWC MUST RECEIVE YOUR MOTION FOR REHEARING NO LATER THAN 14 DAYS FROM THE DATE THE DECISION WAS MAILED.

TWC WILL USE THE DATE OF RECEIPT TO DETERMINE WHETHER YOUR APPEAL IS TIMELY.  YOU SHOULD RETAIN YOUR FAX CONFIRMATION /E-MAIL CONFIRMATION NUMBER AS PROOF OF TRANSMISSION.

THE COMMISSION WILL GRANT YOUR MOTION ONLY IF IT:

 (1) DESCRIBES SPECIFIC NEW EVIDENCE THAT IS NOT IN THE RECORD,

 (2) STATES A TRUE, COMPELLING REASON WHY THE EVIDENCE WAS NOT PRESENTED AT THE EARLIER HEARING, AND

 (3) EXPLAINS SPECIFICALLY HOW THE NEW EVIDENCE WILL CHANGE THE OUTCOME OF THE CASE.

The Commission will grant your motion only if you have shown substantial reasons for granting it.  Please include the claimant's social security number and appeal number in your motion.

Chapter 212 of the Texas Unemployment Compensation Act provides in Subchapter E that a party aggrieved by a final decision of the Commission may obtain judicial review of the decision by bringing an action against the Commission in a court of competent jurisdiction in the county of claimant's residence for a trial de novo review of the decision.  Such action must be brought between the 15th and the 28th day after the date of the Commission decision, and each other party to the proceeding before the Commission must be made a defendant in such action.  If the claimant is not a Texas resident, such action must be filed in Travis County, or the Texas county where claimant's last employer has its principal place of business, or in the Texas county of claimant's last residence. The petition in such action must state the grounds on which review is sought, and must be served on a member of the Commission or on General Counsel, Suite 608, 101 E 15th St., Austin TX  78778, the person designated by the Commission to receive service on its behalf and there must be left with such person as many copies of the petition as there are defendants.  This constitutes completed service on all parties, and the Commission immediately shall mail one copy of the petition to each defendant.

| NOTICE TO CLAIMANT: |
| --- |
| You must continue to conduct an active work search and keep records. |

A-8(0814)

*This was the Preferred Reason For 11-16-2016
Just fry Removement and Termination the Employer to
of the Claimant ...*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 460-2016-02704 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Mr. Larry D. Lee** | Home Phone *(Incl. Area Code)*<br>**(832) 989-6827** | Date of Birth<br>**10-19-1961** |
|---|---|---|

Street Address        City, State and ZIP Code
**15534 Zabolio St, Apt 231, Webster, TX 77598**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**WESTEX SECURITY SERVICES** | No. Employees, Members<br>**101 - 200** | Phone No. *(Include Area Code)*<br>**(713) 946-9378** |
|---|---|---|

Street Address        City, State and ZIP Code
**8876 Gulf Frwy, Ste 540, Houston, TX 77017**

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest      Latest |
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | **05-01-2011**      **05-03-2016** |
| ☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I am being discriminated against due to my race, African American, my age (54), and retaliation for complaining of the discrimination.

I have served this Company for about 5 years as a Supervisor. Throughout this time I have been subjected to different terms and conditions of employment than non-African American employees, subjected to lower wages, denied promotional opportunities, denied shift changes, subjected to unjust disciplinary actions, no fair system for attendance, no time clock for clocking in and out for work or breaks, no time sheets to sign in or out.

I believe I was subject to retaliation for voicing my concerns via email on 3/10/2016. I reported my concerns via email and requested a change of shift on 3-14-16. On 3/17-16, Manager Lewis stated he will not accommodate me on my request for shift change. I was denied in public - in front of other people. On 4-29-2016 Tony Lewis (Account Manager) took my gold security shield from me on the public floor - in front of other people. On 5-1-2016, Matt (last name unk) was my relief. Matt was wearing my gold shield, and I was wearing his silver shield. (Matt was not hired as a supervisor). On 5/3/16, I emailed a discrimination complaint to Tony Lewis and Chris Baulch (Asst. Manager).

I believe I am being discriminated against due to my race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age (54) in violation of the Age Discrimination in Employment Act of 1967, as amended, and subjected to retaliation for complaining of the discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 05/18/2016    X *Larry Lee* <br> Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 5-18-16<br>*(month, day, year)*<br>S-18-2016    DIANA E BARNEY<br>Notary ID # 128873502<br>My Commission Expires<br>February 22, 2020 |

*9 of 11*



NOV 3 0 2016

# TEXAS WORKFORCE COMMISSION

COMMISSION APPEALS RM. 678
101 E. 15TH ST.
AUSTIN, TX 78778

FAX (512) 475-2044
TEL. 1-800-432-4218
https://services.twc.state.tx.us

11/22/2016

LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER, TX  77598-2298

| | |
|---|---|
| Claimant: | LARRY D. LEE |
| SSN: | XXX-XX-9700 |
| Claim ID: | 06/05/2016 |
| Case#: | 2076987-3 |

The claimant's communication of November 18, 2016 has been received and is being referred to the Commission for consideration as an appeal to the Commission from the decision made by the Appeal Tribunal.

The Commission will review the case as soon as it is reached on the Commission docket.  The decision of the Commission is normally rendered on the basis of the evidence submitted during the previous hearing.  However, if the Commission requires additional evidence, a hearing will be scheduled and all parties will be notified of the date and place of the hearing.

You will be notified in writing of the Commission's decision as soon as they have completed their review of the entire record in the case.

You may check the status of your appeal at any time by visiting us on the web at https://services.twc.state.tx.us.

**PLEASE REFER TO THE ABOVE CASE NUMBER IF YOU CALL OR WRITE TWC
REGARDING THIS APPEAL.**

rlf

WESTEX SECURITY SERVICES INC
8876 GULF FWY STE 540
HOUSTON, TX  77017-6544



1738        1317-2 C12008
STATEMENT OF BENEFITS
TEXAS WORKFORCE COMMISSION
PO BOX 2211
MC ALLEN TX 78502-2211



## Statement of Wages and Potential Benefit Amounts
### Regular Unemployment Benefits:
**Date Mailed:  June 10, 2016**
(All dates are in month/day/year order)

LARRY LEE
15534 ZABOLIO DR APT 231
WEBSTER TX 77598-2298

Social Security Number:    XXX-XX-9700

Dear    LARRY LEE

Check your records!  TWC has the wages below on file for you for the four quarters of your base period.  We use your base period wages to figure out whether you earned enough money to qualify for unemployment insurance benefits and how much you could receive if you are eligible.  After TWC looks at whether you earned enough money to qualify, TWC looks at the reason you are no longer working to decide whether you can receive benefits.  **Remember, even if you earned enough wages, TWC pays benefits only if you meet the weekly requirements.**

Please check the wage information carefully.  If the employer name or the wage amount is incorrect, or if an employer you worked for is missing, please contact a TWC Tele-Center immediately.  More information about correcting your wages is on the back of this form.

**Based on the wages listed in the box below:**

[X]  You earned enough in your base period to receive unemployment benefits, if you are otherwise eligible.

[ ]  You did not earn enough in your base period to qualify for benefits.

| EMPLOYER NAME | ST | YOUR CLAIM IS BASED ON THESE WAGES | | | | TOTALS |
|---|---|---|---|---|---|---|
| | | Jan-Mar 2015 | Apr-Jun 2015 | Jul-Sep 2015 | Oct-Dec 2015 | |
| J C PENNEY CORPORATION INC | TX | 0.00 | 0.00 | 0.00 | 524.29 | 524.29 |
| WESTEX SECURITY SERVICES INC | TX | 5,937.50 | 6,052.50 | 6,659.90 | 6,089.98 | 24,739.88 |
| CARLS JR RESTAURANT | TX | 0.00 | 0.00 | 0.00 | 144.50 | 144.50 |
| GASDUDE | TX | 676.72 | 0.00 | 0.00 | 0.00 | 676.72 |
| **TOTALS** | | **$6,614.22** | **$6,052.50** | **$6,659.90** | **$6,758.77** | **$26,085.39** |

*       You will receive a separate notice explaining why we did not use these wages.

–    The maximum weekly benefit amount in Texas this year is $ __479__.   Based on the wages above, your weekly benefit amount is $ __270__.

–    The maximum amount you could receive during your benefit year is $ __7020__.

–    Your benefit year is the 52 weeks from __06-05-16__ to __06-03-17__.

–    Keep in mind your benefits may run out before the benefit year ends.

**See the back of this page for more information.**

| | |
|---|---|
| Claim ID.: | 06-05-16 |
| TWC Telephone No.: | (800)939-6631 |

| FOR HEARING IMPAIRED CLIENTS | |
|---|---|
| Relay Texas TDD No.: | 1-800-735-2989 |
| Voice No.: | 1-800-735-2988 |

M100E 12/12/07

1453        1046-1 C12468
BENEFIT PAYMENT CONTROL
TEXAS WORKFORCE COMMISSION
PO BOX 2211
MC ALLEN TX 78502-2211



## OVERPAID AMOUNT RESULTING FROM APPEALS DECISION
## CONTINUATION
### Date Mailed:   November 16, 2016

LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER TX 77598-2298
Ilullllulillllhlululullulllllulululullullll

Social Security Number:   XXX-XX-9700

**All dates are shown in
month-day-year order.**

| OVERPAID OR FALSE CLAIM CERTIFICATION WEEK(S) | | | | | |
|---|---|---|---|---|---|
| 06-25-16 | 07-02-16 | 07-09-16 | 07-16-16 | 07-23-16 | 07-30-16 |
| 08-06-16 | 08-13-16 | 08-20-16 | 08-27-16 | 09-03-16 | 09-10-16 |
| 09-17-16 | 09-24-16 | 10-01-16 | 10-08-16 | 10-15-16 | 10-22-16 |
| 10-29-16 | 11-05-16 | | | | |

| EMPLOYER(S) |
|---|
| |

BO325E 04/29/04

252        252-1 l1099
BENEFIT OVERPAYMENT COLLECTIONS
TEXAS WORKFORCE COMMISSION
PO BOX 149352
AUSTIN TX 78714-9940

## STATEMENT OF OVERPAID UNEMPLOYMENT BENEFITS ACCOUNT
### Statement Date: January 12, 2017

LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER TX 77598-2298

Account Number: 03-575913-1
SSN: XXX-XX-9700

| PAYMENT INFORMATION | | Summary of Account Activity for Claim: 06-05-16 | | |
|---|---|---|---|---|
| | | **CLAIM OVERPAYMENT AMOUNT** | **ASSESSMENT CHARGES** | |
| Payment Due Date: 02-02-17 | | Previous Balance: $5,400.00 | Previous Balance: | $0.00 |
| | | Additional Overpayment: $0.00 | Additional Fees/Interest: | $0.00 |
| Minimum Payment Due: $200.00 | | Payments: $0.00 | Payments: | $0.00 |
| | | Offsets/Absorptions: $0.00 | | |
| Total Outstanding Balance for this Claim: $5,400.00 | | Overpayment Balance: $5,400.00 | Assessment Balance: | $0.00 |
| | | **PENALTY CHARGES** | | |
| | | Previous Balance: $0.00 | Payments: | $0.00 |
| | | Additional Penalty: $0.00 | Penalty Balance: | $0.00 |

YOUR MONTHLY PAYMENT IS PAST DUE. PLEASE REMIT AT ONCE. IF YOU FAIL TO REMIT
PAYMENTS, TEXAS WORKFORCE COMMISSION MAY TAKE FURTHER COLLECTIONS ACTION
AGAINST YOU. MAKE PAYMENT BY CHECK OR MONEY ORDER PAYABLE TO:
TEXAS WORKFORCE COMMISSION

TO INSURE PROPER CREDIT, WRITE YOUR ACCOUNT NUMBER ON YOUR PAYMENT.
IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TELEPHONE NUMBER LISTED BELOW.

If you have questions about this statement, call  (512) 936-3338  or email special.colloverpay@twc.state.tx.us.

BO205E 08/20/13

HEARING-IMPAIRED CLIENTS: Dial 711 for Relay Texas.

Detach this portion. Return it with your payment in the enclosed envelope by the due date in the Payment Information box at the top of this letter.
Pay only by **check** or **money order**  made payable to **Texas Workforce Commission**. To ensure proper credit, write your account number noted below on the check or money order.

Account Number:  03-575913-1
SSN:  XXX-XX-9700
Name on Account  LARRY D LEE

Amount Due: $200.00
Statement Date: January 12, 2017

Enter Amount Enclosed:

TWC REVENUE & TRUST MANAGEMENT
TEXAS WORKFORCE COMMISSION
PO BOX 149352
AUSTIN TX 78714-9940

Page 1 of 1

BO205E 08/20/13



# TEXAS WORKFORCE COMMISSION

COMMISSION APPEALS RM. 678         FAX (512) 475-2044
101 E. 15TH ST.                    TEL. 1-800-432-4218
AUSTIN, TX 78778           https://services.twc.state.tx.us

08/03/2016

LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER, TX  77598-2298

| | |
|---|---|
| Claimant: | LARRY D. LEE |
| SSN: | XXX-XX-9700 |
| Claim ID: | 06/05/2016 |
| Case#: | 2065692-2 |

The claimant's communication of July 29, 2016 has been received and is being referred to the Commission for consideration as an appeal to the Commission from the decision made by the Appeal Tribunal.

The Commission will review the case as soon as it is reached on the Commission docket. The decision of the Commission is normally rendered on the basis of the evidence submitted during the previous hearing. However, if the Commission requires additional evidence, a hearing will be scheduled and all parties will be notified of the date and place of the hearing.

You will be notified in writing of the Commission's decision as soon as they have completed their review of the entire record in the case.

You may check the status of your appeal at any time by visiting us on the web at https://services.twc.state.tx.us.

**PLEASE REFER TO THE ABOVE CASE NUMBER IF YOU CALL OR WRITE TWC REGARDING THIS APPEAL.**

rlf



1661        1268-1 C11962

TEXAS WORKFORCE COMMISSION
101 E 15TH ST RM 354 MAIN
AUSTIN TX 78778-0001



## STATEMENT OF ACCOUNT
### Date Mailed:    August 22, 2016

LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER TX 77598-2298

Social Security Number: XXX-XX-9700

Payment/Statement ID:   D44215874

| | BENEFITS ACCOUNT ACTIVITY | | | | |
|---|---|---|---|---|---|
| **WEEK ENDING** | **REASON FOR ACTIVITY** | **BENEFIT AMOUNT** | **TYPE OF DEDUCTION** | **DEDUCTION AMOUNT** | **PAYMENT AMOUNT** |
| 06-25-16 | PYMT RELEASE | $270 | OVERPAYMENT RECOVERY | $27 | $63 |
| | | | OVERPAYMENT RECOVERY | $60 | |
| | | | OVERPAYMENT RECOVERY | $60 | |
| | | | OVERPAYMENT RECOVERY | $60 | |
| 07-02-16 | PYMT RELEASE | $270 | | | $270 |
| 07-09-16 | PYMT RELEASE | $270 | | | $270 |
| 07-16-16 | PYMT RELEASE | $270 | | | $270 |
| 07-23-16 | PYMT RELEASE | $270 | | | $270 |
| 07-30-16 | PYMT RELEASE | $270 | | | $270 |
| 08-06-16 | PYMT RELEASE | $270 | | | $270 |
| 08-13-16 | PYMT RELEASE | $270 | | | $270 |
| | | | | Total Payment | $1,953 |

YOUR REQUIRED MINIMUM WEEKLY WORK SEARCH ACTIVITIES: 3

(**1.25 x Weekly Benefit Amount) We use this calculation only when reported earnings are more than 25 percent of your weekly benefit amount)

**RETAIN THIS STATEMENT OF ACCOUNT FOR YOUR RECORDS**

| TWC Telephone No.: |
|---|
| TWC Fax No.: |
| FOR HEARING IMPAIRED CLIENTS |
| Relay Texas TDD No.:            1-800-735-2989 |

BP500E 8/07/96

COMMISSION APPEALS
Texas Workforce Commission
101 East 15.<sup>TH</sup> Street, Room 678
Austin TX 78778-0001

LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER, TX  77598-2298

RLF

TEXAS WORKFORCE COMMISSION Appeal Tribunal Decision          Appeal No.:   2076987-1-1
                                                             Page No:   2

**CASE HISTORY:** A determination dated July 22, 2016 disqualified the claimant under Section 207.045 of the Texas Unemployment Compensation Act because the claimant voluntarily resigned without good cause connected with the work. The no payment period began June 5, 2016 and continues until the claimant returns to employment and either works for six weeks or earns wages at least equal to six times the claimant's weekly benefit amount. The claimant appealed.

It was also ruled there would be no chargeback to the employer's account as a result of this claim.

**ISSUES:** The issues in this case include:

Whether the claimant was separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without good work-connected cause.

Whether benefits paid to the claimant based on wages from the employer should be charged to the employer's account for use in computing the employer's tax rate.

**FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of June 5, 2016, the claimant last worked from April 1, 2011, through June 8, 2016, as a security officer for the named employer, a private security company.

The claimant voluntarily resigned on approximately June 10, 2016, rather than accept a new assignment at a new location. The transfer would have required the claimant to take a pay cut, lose his accumulated vacation pay, and commute approximately one hour from his home rather than fifteen minutes. The claimant was removed from his previous assignment due to an alleged absence without notice; however, the claimant had requested time off and been approved by his supervisor on the day in question.

**CONCLUSIONS:** Section 207.045 of the Act provides that an individual who left the individual's last work voluntarily without good cause connected with the work is disqualified until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount, unless the individual left work to move with a spouse from the area where the individual worked. In that case, the claimant shall be disqualified for not less than six nor more than twenty-five benefit periods following the filing of a valid claim, as determined by the Commission according to the circumstances in each case. No individual who is available to work may be disqualified because the individual left work because of a medically verified illness of the claimant or claimant's minor child, injury, disability, pregnancy, an involuntary separation as described under Section 207.046 of the Act if the individual is available for work, or a move from the area of the individual's employment that was made with the individual's spouse who is a member of the armed forces of the United States; and resulted from the spouse's permanent change of station of longer than 120 days or a tour of duty of longer than one year. A medically verified illness of a minor child prevents disqualification under this section only if reasonable alternative care was not available to the child and the employer refused to allow the individual a reasonable amount of time off during the illness. Military personnel who do not reenlist may not be considered to have left work voluntarily without good cause connected with the work. An individual who is partially unemployed and who resigns that employment to accept other employment that the individual reasonably believes will increase the individual's weekly wage is not disqualified for benefits under this section.

11-22-2016

TEXAS WORKFORCE COMMISSION Appeal Tribunal Decision    Appeal No.:    2076987-1-1
                                                        Page No:    3

Good cause connected with the work for leaving, as that term is used in the law of unemployment insurance, means such cause, related to the work, as would induce a person who is genuinely interested in retaining work to nevertheless leave the job.

The following decision has been adopted as a precedent by the Commission in Section **VL 515.90** of the Appeals Policy and Precedent Manual.

> Appeal No. 97-008709-30-801397    After a month on the job, the claimant was told her job performance as a meat wrapper in a grocery store was unsatisfactory, and she was going to be transferred to a comparable position as either a cashier or a deli clerk. The claimant resigned without notice rather than accept the proposed reassignment.    HELD :  An employer may reassign workers to different positions within the same enterprise where doing so is reasonable, and the job location, pay rate and working conditions are substantially similar. A worker so transferred must try out the new position for a reasonable time before quitting. Here, the claimant failed to do so and thus did not have good cause to leave voluntarily.

As in the above-cited precedent, the claimant in this case resigned rather than accept reassignment with the employer. Unlike in the precedent, however, the claimant's reassignment would have changed his job location and pay rate. Additionally, the reassignment was prompted by an incident of alleged misconduct which the claimant testified did not occur. In the absence of testimony from the employer, this Appeal Tribunal concludes that the claimant resigned for good cause connected with the work. The determination dated July 22, 2016, which disqualified the claimant under Section 207.045 of the Act beginning June 5, 2016, will be reversed.

Section 204.022 of the Act, in part, and in substance, provides, that benefits computed on benefit wage credits of an employee or former employee may not be charged to the account of an employer if the employee's last separation from the employer's employment before the employee's benefit year (1) was required by a federal statute; (2) was required by a statute of this state or an ordinance of a municipality of this state; (3) would have disqualified the employee under Section 207.044, 207.045, 207.051, or 207.053 if the employment had been the employee's last work; (4) imposes a disqualification under Section 207.044, 207.045, 207.051, or 207.053; (5) was caused by a medically verifiable illness of the employee or the employee's minor child; (6) was based on a natural disaster that results in a disaster declaration by the president of the United States under the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. Section 5121 et seq.), if the employee would have been entitled to unemployment assistance benefits under Section 410 of that act (42 U.S.C. Section 5177) had the employee not received state unemployment compensation benefits; (7) was caused by a natural disaster, fire, flood or explosion that causes employees to be separated from one employer's employment; or (8) was based on a disaster that results in a disaster declaration by the governor under Section 418.014, Government Code; (9) resulted from the employee's resigning from partial employment to accept other employment that the employee reasonably believed would increase the employee's weekly wage; (10) was caused by the employer being called to active military service in any branch of the United States armed forces on or after January 1, 2003; (11) resulted from the employee leaving the employee's workplace to protect the employee from family violence or stalking as evidenced by: (A) an active or recently issued protective order documenting family violence against, or the stalking of, the employee or the potential for family violence against, or the stalking of, the employee; (B) a police record documenting family violence against, or the stalking of, the employee; or(C) a physician's statement or other medical documentation that describes the family violence against the employee that: (i) is recorded in any form or medium that identifies the employee as the patient; and (ii) relates to the

See reverse side for instructions

# TEXAS WORKFORCE COMMISSION
## Austin, Texas

### FINDINGS AND DECISIONS OF COMMISSION
### UPON REVIEW OF CLAIM FOR BENEFITS

## SEP 0 6 2016
Date Mailed

C
L
A
I
M
A
N
T

E
M
P
L
O
Y
E
R

LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER, TX 77598-2298

Case Number:
2065692-2

Social Security Number:
XXX-XX-9700

Prior Decision Date:
July 15, 2016

Appeal Filed by:    Claimant

The Commission has considered the appeal filed from the Appeal Tribunal decision identified above and, after due consideration of the decision and the complete record herein, is of the opinion that the case was properly decided by the Appeal Tribunal. The Commission hereby adopts the findings of fact and conclusions of law of the Appeal Tribunal, as if the same were copied herein in full.

The decision of the Appeal Tribunal is in all respects affirmed.

The last day a timely appeal may be filed is _____**SEP 2 0 2016**_____. This date includes holidays and weekends as authorized by Commission Rule.

Andres Alcantar
Commissioner Representing the Public

Ruth R. Hughs
Commissioner Representing Employers

I dissent

Julian Alvarez
Commissioner Representing Labor



1735          1324-1 C12323

TEXAS WORKFORCE COMMISSION
101 E 15TH ST RM 354 MAIN
AUSTIN TX 78778-0001



*// of // documents*  **STATEMENT OF ACCOUNT**
Date Mailed:    August 15, 2016


LARRY D LEE
15534 ZABOLIO DR APT 231
WEBSTER TX 77598-2298
|I..II...I.I.I.I.I..I..I...I.I.I.II.I..I..I..I.I..II...I.II

Social Security Number: XXX-XX-9700

Payment/Statement ID:   S22988302


| BENEFITS ACCOUNT ACTIVITY | | | | | |
|---|---|---|---|---|---|
| WEEK ENDING | REASON FOR ACTIVITY | BENEFIT AMOUNT | TYPE OF DEDUCTION | DEDUCTION AMOUNT | PAYMENT AMOUNT |
| 08-06-16 | PYMT REQUEST | $270 | NOT ELIGIBLE FOR PAYMENT | $0 | $0 |
| 08-13-16 | PYMT REQUEST | $270 | NOT ELIGIBLE FOR PAYMENT | $0 | $0 |
| | | | | Total Payment | $0 |

YOU SHOULD NOW CONSIDER JOBS THAT PAY $9.67 /HR OR MORE.

(**1.25 x Weekly Benefit Amount) We use this calculation only when reported earnings are more than 25 percent of your weekly benefit amount)

**RETAIN THIS STATEMENT OF ACCOUNT FOR YOUR RECORDS**

BP500E 8/07/96

| TWC Telephone No.: | |
|---|---|
| TWC Fax No.: | |
| FOR HEARING IMPAIRED CLIENTS | |
| Relay Texas TDD No.: | 1-800-735-2989 |



## Formulario de Apelación de Beneficios de Desempleo

Indique el tipo de documento que está apelando. Incluya este formulario y una copia del documento que está apelando cando mande el fax. Guarde la confirmación del fax como prueba de la transmisión. Para mayor información sobre el proceso de apelación, vaya a www.texasworkforce.org/uiappeal.

| | Tipo de documento que está apelando | A dónde mandar la apelación | Número de fax para apelar |
|---|---|---|---|
| ☐ | **Resolución sobre el Pago de Beneficio de Desempleo** Ejemplo: RESOLUCION SOBRE EL PAGO DE BENEFICIOS DE DESEMPLEO Fecha de envío: Junio 23, 2016 | **Tribunal de Apelación** | **512-475-1135** |
| ☐ | **Decisión del Tribunal de Apelación** Ejemplo: Texas Workforce Commission Appeal Tribunal TWC Building Austin, Texas 78778 06-15-2016 Date Mailed | **Apelaciones a la Comisión** | **512-475-2044** |
| ☐ | **Decisión de Apelaciones a la Comisión** Ejemplo: COMISION DE LA FUERZA LABORAL DE TEJAS Austin, Tejas FALLO Y DESCISIONES DE LOS COMISIONADOS AL REVISAR EL RECLAMO DE BENEFICIOS AUG 30 2016 Fecha de envío | **Apelaciones a la Comisión** | **512-475-2044** |
| ☐ | **Otro—Su documento no es igual a ninguno de los ejemplos.** | **Tribunal de Apelación** | **512-475-1135** |

Forma impresa y completa toda la información antes de enviar y recibir faxes. Adjuntar una copia de la decisión que está apelando, si está disponible.

Número de páginas: _____ (incluyendo ésta)

Estoy apelando a favor del _____ RECLAMANTE _____ EMPLEADOR  (marque uno)

Me llamo _____

Últimos cuatro dígitos del número de Seguro Social del reclamante _____

Nombre del reclamante _____ Apellido _____

Fecha de envío de la carta que estoy apelando (MM/DD/AAAA) _____

Si está apelando una decisión del Tribunal de Apelación o de Apelación a la Comisión, ¿Cuál es el número de apelación? _____

Razón por la cual apela _____

_____

_____

Fechas/Horas cuando no estoy disponible para participar en una audiencia: _____

Necesitaré un intérprete. (un circulo)  ☐ Sí  ☐ No  Idioma: _____

La TWC usará la fecha cuando recibamos el fax para determinar si la apelación se hizo a tiempo. Si no se puede enviar por fax, por correo su apelación en o antes de la fecha límite o apelar en línea yendo a www.texasworkforce.org/uiappeal y la selección de los beneficios de desempleo formulario de apelación. Tiene que apelar cada resolución por separado. Guarde la confirmación como prueba de la transmisión. Precaución: Si presenta una apelación antes de la fecha de envío de la resolución o decisión, no será aceptada. Siga solicitando pagos cada dos semanas mientras espera su apelación, a menos que empiece a trabajar de tiempo completo otra vez. Para cambiar o verificar su dirección, conéctese a ui.texasworkforce.org y escoja Información de contacto.

Fax Appeal Form (Sep 2016)

*Page 1 of 13.*

PAGE [ 1 ].


FROM ; LARRY D LEE/CLAIMANT
12-05-2016.

       SSN; XXX-XX-9700
       CLAIM I D; 06105.
       CASE NO. 2076987-3.
       15534 ZABOLIO # 231
       WEBSTER, TEXAS 77598.
       PHONE- [ 832-989-6827 ].


TO; TEXAS WORKFORCE COMMISSION
    COMMISSION APPEAL ROOM 678.
    101 E. 15TH ST.
    AUSTIN, TEXAS 78778.


CC; WESTEX SECURITY SERVICES INC.
    8876 GULFFWY STE 540
    HOUSTON, TEXAS 77017-6544.


CLAIMANT/LARRY D LEE FILE THIS PETITION, IN REFERRED TO THE COMMISSION FOR RECONSIDERATINO AS AN APPEAL TO THE COMMISSION FROM THE DECISION MADE BY THE APPEAL TRIBUNAL, AN AFFIRMATIVE DEFENSE, DEFEATS OR MITIGATES THE LEGAL CONSEQUENCES OF THE EMPLOYER OTHERWISE UNLAWFUL CONDUCTS, ON THE ISSUE OF CONSTRUCTIVELY DISCHARGED


THE WORKING CONDITIONS WERE SO BAD THAT THE AVERAGE PERSON IN THE CLAIMANT SITUATION WOULD ALSO HAVE BEEN COMPELLED TO QUIT / RESIGN

2 of 13 pages

FROM THAT UNFAIR LABOR PRACTICE, HARASSMENTS, DISCRIMINATION AGAINS AFRICAN-AMERICANS IN THE WORK PLACE...

HAD A BAD EXPERIENCE WITH THIS EMPLOYER IN THE WORKPLACE; HUMILIATING WAY, BULLYING, FORCE TO FILE A CHARGE WITH THE EEO COMMISION, MOTIVATED THE TERMINATION DECISION TO REMOVE THE CLAIMANT... FORCE TO SEEK HELP FROM UNIONS.

1. RESIGNING UNDER THESE CIRCUMSTANCE IS CALL CONSTRUCTIVE DISCHARGE OR CONSTRUCTIVE TERMINATION...

2. THE LAW WILL TYPICALLY TREAT THIS AS IF WERE FIRED BY THE EMPLOYER, DO TO ALL OF THE ABOVE ISSUES AND MATTERS...

3. THIS MEANS THAT THE CLAIMANT HAVE CERTAIN RIGHTS THAT ARE TYPICALLY NOT AVAILABLE TO EMPLOYEES WHO JUST QUIT THEIR JOBS FOR KNOW REAASONS, THE CLAIMANT HAS JUST CLAUSE, GOOD CAUSE FOR RESIGNING BY FORCE, AT THE HAND OF THE EMPLOYER...

4. INCLUDING THE RIGHT TO RECEIVE UNEMPLOYMENT BENEFITS AND TO FILE A WRONGFUL TERMINATION LAWSUIT AGAINST THE EMPLOYER...

IT WAS ORIGINALLY DEVOLOPED IN THE 1930'S TO STOP EFFORTS BY EMPLOYERS FROM UNIONIZING OR FORCING UNION EMPLOYEES TO RESIGN FROM THEIR POSITIONS:

A. NEGOTIATE FOR HIGHER PAY RATE...

B. NORE BENEFITS...

C. BETTER WORKING CONDITIONS...

D. EMPLOYEES ENDED UP LEAVING THEIR JOB ...

E. RATHER THAN SUFFERING SUCH ABUSE AT THE HAND OF THEIR EMPLOYER...

*Page 3 of 13.*

CONSTRUCTIVE DISCHARGE IS FOR NON-UNION EMPLOYEE AS WELL...

ALTHOUGH THE CONCEPT OF CONSTRUCTIVE DISCHARGE AROSE OUT OF THE UNION MOVEMENT...

THE COURTS HAVE EXTENDED IT TO SITUATIONS INVOLVING NON-UNION EMPLOYEES AS WELL...

THE EMPLOYER HAS TAKEN ACTION AGAINST ME / THE CLAIMANT, DENIED PROMOTION, UNJUSTIFIED REMOVEL, LOSS OF VACATION, OTHER BENEFITS,

CLAIMANT WILL SHOW THIS COMMISSION THAT THE CLAIMANT REPORTED THE WORKING CONDITIONS TO MANAGEMENT AND GAVE THE EMPLOYER A CHANCE TO REMEDY THE SITAUTION BEFORE THE CLAIMANT RESIGNED...

THE CLAIMANT GAVE THE EMPLOYERS THE OPPORTUNITY TO VOLUNTARILY STEP IN AND FIX THE PROBLEMS AND TO MAKING LEGAL ACTION UNNECESSARY... (ASSESSMENT OF CLAIM)...

EMPLOYEES RIGHTS UNDER THE FEDERAL OCCUPATIONAL SAFETY AND HEALTH ACT (OSHA), INCLUDING THE RIGHT TO REPORT THE PROBLEMS, WITHOUT RETALIATION, WORKPLACE DANAGERS AND MORE.

WHEN AN EMPLOYEE QUIT / RESIGN HIS OR HER JOB BECAUSE THE WORKING CONDITIONS ARE INTOLERABLE, THE RESIGNATION IS LEGALLY REGARDED AS A TERMINATION....

CONSTRUCTIVE DISCHARGE AND DISCRININATION; SHOW AND SUPPORTS THE U.S. SUPREME COURT HAS EXTENDED THE LEGAL CONCEPT OF CONSTRUCTIVE DISCHARGE TO CASE BROUGHT UNDER TITLE VII OF THE CIVIL RIGHTS ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)...

*Page 4 of 13.*

THE FEDERAL LAWS THAT PROHIBIT DISCRIMINATE AND HARASSMENT IN EMPLOYMENT BASED ON CERTAIN PROTECTED CHARACTERISTICS, AND MANY STATE COURTS ALSO RECOGNIZE THE CONCEPT IN SIMILAR TYPS OF CASE UNDER STATE LAWS...

CASE OF MCDONNELL – DOUGLAS V. GEEN, 411 U.S. 792 (1973);

THE SUPREME COURT SPECITIED TO A PRIMA FACIE CASE OF DISCRIMINATION, BASED ON CIRCUMSTANTIAL EVIDENCE COULD BE STATED.

A PLAINTIFF / EMPLOYEE CAN ESTABLISHES A PRIMA FACIE CASE IF HE CAN SHOW THE FOLLOWING FOUR FACTORS:

1. HE IS A MEMBER OF A RACIAL MINORITY;

2. HE APPLIED FOR AND WAS QUALIFIED FOR A JOB OPENING;

3. HE WAS REJECTED;

4. AFTER HE WAS REJECTED, THE POSITION REMAINED OPEN AND THE EMPLOYER CONTINED TO SEEK APPLICANTS WITH SIMILAR...

5. THE EMPLOYER/WESTEX SECURITY, HAS NO ATTENDANCE SYSTEM IN PLACE IN THE WORKPLACE, UNFAIR TREATMENTS, DEALING WITH FAVORITISM, NO-LOG-IN SYSTEM FOR WORKERS, SIGN-IN-SHEETS, WITH RESPECT TO ALL FELLOW EMPLOYEES .

6. ON DATE 03-10-2016, THE CLAIMANT/LARRY D. LEE REPORTED MY CONCERNS VIA-EMAIL, TO ANTHONY LEWIS THE ACCOUNT-

*Page 5 of 13.*

MANAGER/REPRESENTIVE, AND TO CHRISTOPHER BAULCH ON MY CONCERNS ON THE ISSUES AND THE TREATMENTS, I WITNESS AND EXPERIECE AT THE HAND MY EMPLOERS.

7. ON DATE 05-04-2016, MR. HENSLY CURTIS-SUPERVISOR ON DUTY THAT DAY NOTIFIED ME TO CALL THE EMPLOYER OFFICE, HE STATED THEY WANTED ME TO CALL THEMIMMEDIATELY AND I WAS ESCORTED INTO MR. LEWIS OFFICE, BY MR. HENSLY[THURSDAY], AND I CALL AND SPOKE TO TOM BEHNE-MANAGER HEAD OF THE CNPT ACCOUNT, WE GREED TO HAVE A MEETING AT THE WESTEX OFFICE ON DATE 05-10-2016, I WENT TO THEIR OFFICE THAT DAY, BUT THE EMPLOYERS [ CANCELLED-OUT], ON THE MEETING WITH ME THAT DAY AND THEY REQUESTED FOR ME TO COME BACK THE NEXT DAY, AND I DID ON DATE 05-11-2016 TO HAVE A MEETING WITH THE EMPLOYERS, CASSIDY RIZK AND ARRON.

8. ON DATE 05-11-2019, CLAIMANT/LARRY D. LEE WENT TO THE WESTEX OFFICE, WITH ITS REPRESENTATIVES, ARRON, AND CASSIDY RIZK, TO VIOCE MY CONCERNS ON THE ISSUES THAT AFFECTD ME/CLAIMANT,

9. AND I EXPRESSED MY BELIEVE THAT THE TREATMENT, BY MANAGER/REPRESENTIVE LEWIS ANTHONY WERE DISCRIMINATORY AND DISPARATE TREATMENT, AND THIS DISPARATE IMPACT, UNDER TITLE VII PROHIBITS EMPLOYER FROM TREATING EMPLOYEES DIFFERENTLY DECAUSE OF THEIR MEMBERSHIP IN A PROTECTED CLASS".

*Page 6 of 13.*

PATTERSON V. MCLEAN CREDIT UNION, 491 U.S. 164 (1989).  (DENIED THE POSITION) AND (PERSON HIRED INFACT WAS BETTER QUALIFIED THAN)

CENTER V. HICKS, 509 U.S. 502 (1993) (MOTIVATED THE TERMINATION DECISION)

THE COMMON LAW EROSIONS TO AT-WILL. PARTICULARLY THOSE IN CONTRACT, FREQUENTLY IMPOSE OR SEEK TO IMPOSE ON THE EMPLOYER A DUTY TO ACT FAIRLY TOWARD ITS EMPLOYEES.

EMPLOYMENT AT-WILL NOT ONLY PERMITS THE EMPLOYER TO TERMINATE EMPLOYMENT AT ANY TIME FOR ANY REASON BUT ALSO RECOGNIZED THE EMPLOYEE'S ABILITY TO QUIT HIS JOB AT ANY TIME FOR ANY REASON WITHOUT LIABILITY TO HIS EMPLOYER, UNDER ALL OF THE REPORTED ISSUES AND MATTER'S, AGAINST THE EMPLOYERS AND ITS REPRESENTATIVES.

VIOLATION OF THE LAWS, RACE DISCRIMINATION, CONSTRUCTIVE TERMINATION, IMPOSED BY THE EMPLOYER AT THER HANDS...

Page 7 of 13.

Claimant was remove from a contractual accepted position;

A CONTRACTUALLY ENFORCEABLE PROMISE NOT TO FIRE WITHOUT JUST CAUSE IS ONLY ONE METHOD BY WHICH THE AT-WILL PERSUMPTION MAY BE REBUTTED.

JURISDICTIONS VARY IN WHAT IT TAKES TO REBUTT THE PRESUMPTION...

1. PERCEIVE THE CONDUCT AS HARASSMENT;

2. THE ABUSIVE THAT IT CREATES A HOSTILE WORKING ENVIRONMENT

3. Because of the employment relationship is contractual,

4. Montana common low found that the covent of good faith and fair dealing would limit an employer's termination rights whenever the employer had give the employee objective manifestations of job security.

5. It has been argued that employers are bound by the covenant of good faith and fair dealing in their actions toward employees.

TEXAS WORKFORCE COMMISSION APPEAL TRIBUNAL DECISION, UNDER FINDING OF FACT:

THE COMMISSION GOSE ON TO SAY;

PRIOR TO FILING AN INITIAL DATE OF JUNE 5, 2016, THE CLAIMANT LAST WORKED FROM APRIL 1, 2011 THROUGH JUNE 8, 2016, AS A SECURITY OFFICER FOR THE NAME EMPLOYER, A PRIVATE SECURITY COMPANY.

Page 8 of 13.

VOLUNTARIL RESIGNED ON APPROXIMATELY JUNE 10, 2016, RATHER THAN ACCEPT A NEW ASSIGNMENT AT A NEW LOCATION. TRANSFER REQUIRED TO TAKE A PAY CUT, LOSE HIS ACCUMULATED VACATION PAY, COMMUTE ONE HOUR FROM HIS HOME RATHER THAN FIFTEEN MINUTES. WITHOUT NOTICE; THE CLAIMANT HAD REQUESTED TIME OFF AND BEEN APPROVED BY HIS SUPERVISOR ON THE DAY IN QUESTION.

AS THE CLAIMANT IS NOT DISQUALIFIED FROM RECEIVING BENEFITS, THE EMPLOYET'S ACCOUNT IS SUBJECT TO CHARGE.

DECISION: THE DETERMINATION DATED JULY 22, 2016, WHICH DISQUALIFIED THE CLAIMANT UNDER SECTION 207.045 OF THE ACT BEGINNING JUNE

*Page 9 of 13.*

## SUMMARY OF THE ARGUMENT

INFORMATION ON THE APEAL HEARING AND HEARING PROCESS;

1. THE EMPLOYER DID NOT SHOW ANY DIRECT PHYSICAL EVIDENCE TO SUPPORT THEIR REASON FOR NOT PARTICIPATE IN THE HEARING ON DATE MONDAY-AUGUST 15, 2016, HEARING START-TIME WAS 11:00AM, CENTRAL DAYLIGHT TIME.

2. COMMISSION CLEARLY STATED IN THE DOCUMENT THAT WAS SENT OUT BY MAIL, TO THE CLAIMANT AND TO THE EMPLOYER ;

COMMISSION STATED, THE [PROCEDURE AND PROCESS];

A. WHAT YOU MUST DO.

B. YOU MAY HAVE DOCUMENTS THAT ARE IMPORTANT TO YOUR CASE.

C. DID THE EMPLOYER, SEND TO THE COMMISSION, IF THEY HAD ANY INTENTIONS TO PARTICIPATE IN THE HEARING ON 08-15-2016.

D. DATE THE COMMISSION MAILED WAS ON 08-04-2016 [ NOTICE], TO THE CLAIMANT AND TO THE EMPLOYERS.

E. THE COMMISSION WENT ON ONLY THE WORDS, TESTIMONY ALONE, AND THE EMPLOYER DID NOT HAVE TO SHOW ANY PHYSICAL EVIDENTS ON THE ISSUES OF NO-CALL, NO SHOW.

F. AND THE COMMISSION GOSE ON TO SAY,

IF YOU DO NOT REGISTER ONLINE OR CALL WITHIN THE 30 MINUTES BEFORE THE HEARING START TIME, THIS WAS THE PROCEDURE FOR THAT DAY OF THE HEARING, ON DATE 08-15-2016.

G. AND THE COMMISSION GOSE ON TO SAY,

YOU MAY NOT BE ALLOWED TO PARTICIPATE IN THE HEARING.

H. THE EMPLOYER FALURE TO GO ONLINE OR CALL THIS COMMISSION FOR THE HEARING ON DATE 08-15-2016.

I. AND THE COMMISSION GOSE ON TO SAY,

YOU WILL NOT HAVE ANOTHER OPPORTUNITY TO OFFER TESTIMONY UNLESS YOU CAN ESTABLISH GOOD CAUSE FOR WHY YOU DID NOT CALL IN AS INSYRUCTED.

1

*Page 10 of 13.*

J. AND THE COMMISSION GOSE ON TO SAY,

EMPLOYER WHO ARE NOT PARTIES OF INTEREST [INDICATED ABOVE AS NPI], DO NOT HAVE THE RIGHT TO REQUEST A NEW HEARING, NOR TO APPEAL.

K. NONE OF THE EMPLOYER DOCUMENTS THAT WAS SUBMITTED TO THIS COMMISSION, FROM OTHER PERSON STATEMENTS, WRITTEN , WERE NOT SWORN STATEMENTS OR NO AFFIDAVITS.

L. UNDER THE COMMISSION  EVIDENCE CLEARLY STATES;

WRITTEN EVIDENCE OR DOCUMENTS SUCH   AS LETTERS, TIMECARDS, OR DOCTOR'S STATEMENTS MAY HELP YOUR CASE, AND CLEARLY STATES , FOR THE CLAIMANT AND EMPLOYER  TO SEND LEGIBLE COPIES OF THE DOCUMENTS TO THE HEARING OFFICER AND OTHER SIDE BEFORE THE HEARING.

THEIR WERE OTHER ISSUES OF WRONGDOING BY THE EMPLOYER[WESTEX SECURITY INC], INSURANCE FRAUD, THE EMPLOYER WAS TAKING MONEY OUT OF THE CLAIMANT PAYCHECK, FOR MONTHS AND COME TO FIND OUT THE CLAIMANT HAD NO INSURANCE/ HOSPIL BILL OF 16,000, FASLE INFORMATION WAS GIVEN TO THE CLAIMANT, ABOUT THE INSURANCE FROM THE EMPLOYER, THE CLAIMANT SENT A CERTIFIED MAIL TO THE EMPLOYER ON DATE 10-11-2014, GIVING THE EMPLOYER THE OPPORTUNITY TO FIX THE PROBLEM. SEE COPY OF THE CERTIFIED MAIL RECEIPT....WRONGDOINGS TO THE CLAIMANT, THIS EMPLOYER IS NO GOOD AND I WAS A SUPERVISOR FOR THIS COMPANY....

*Page 11 of 13.*

WESTEX SECURITY SERVICE, INC. JOB ASSIGNMENT FORM,

THE LOCATION NAME CNP TOWER;

THE CLAIMANT HAD A CONTRACTAL AGREEMENT AT 1111 LOUISIANA ST. HOUSTON TEXAS,

REFERRED TO AS A FIX-TERM, STATED-TERM CONTRACT.

A. THE EMPLOYER TERINATED THE EMPLOYMENT DURING THE CONTRACT PERIOD, THE EMPLOYER BREACH THIS CONTRACT BY REMOVING THE CLAIMANT WITHOUT JUST CAUSE.

WESTEX DOCUMENT CLEARLY STATES;

THE ABOVE DATES CONFIRM THE DAY YOU/CLAIMANT ARE SCHEDULED TO ATTEND ORIENTATION AND FIRST DAY WORK, CONTRACTED AS A NEW-HIRED EMPLOYEE, FOR THIS CNP TOWER/COMPANY, THE CLAIMANT HAS BEEN WORKING FOR THIS WESTEX COMPANY FOR ALMOST 4-YEARS OF SERVICE, AND ASKING THE CLAIMANT TO START ALL-OVER, TRAINING WAGE 7.25 CENT AN HOUR FOR ORIENTATION, AND PLACING THE CLAMANT ON A NEW 90-DAYS PROBATIONARY PERIOD;

PROBATION IS USUALLY DEFINED IN A COPANY'S EMPLOYEE HANDBOOK, WHICH IS GIVEN TO WORKERS WHEN THEY FISRT BEGIN A JOB, AGAIN THE CLAIMANT HAS SERVED THIS WESTEX COMPANY FOR ALMOST 4-YEARS;

A NEW ASSIGNMENT AT A NEW CONTRACT ACCEPTED POSITION, CLAIMANT WOULD HAVE REQUIRED THE CLAIMANT TO TAKE A ;

1. A PAY CUT FROM [ 10.75 DOWN TO 9.50 AND 7.25 TO RETRAIN FOR NEW EMPLOYMENT WITH A NEW CONTRACT COMPANY/ASSIGNMENT.

2. A LOSE OF ACCUMULATED VACATION PAY, TWO-WEEKS OF PAYED VACATION TIME SERVED WITH THIS UNFAIR LABOR PRACTICE.

3. OFFERED THE CLAIMANT A ASSIGNMENT LONGER COMMUTE APPROXIMATELY ONE HOUR FROM MY HOME THIS WAS A CRUEL AND UNUSUAL PUNISHMENT AT THE HANDS OF THE EMPLOYER.

4. THE CLAIMANT WAS REMOVED FROM HIS PREIVOUS ASSIGNMENT, DUE TO AN ALLEGED

Page 12 of 13.

ABSENCE WITHOUT NOTICE.

5. THE CLAIMANT HAD REQUESTED FOR TIME -OFF AND BEEN APPROED BY MY SUPERVISOR THE DAY IN QUESTION AND A NOTICE WAS GIVEN TO THE EMPLOYERS ON THE DAY IN QUESTION.

EMPLOYER  GOSE ON TO SAY,

 HOWEVER, YOU MUST PASS ALL WESTEX  SECURITY SERVICES, INC, IN ORDER TO START WORK ;

THE CLAIMANT PASS ALL THE REQUIREMENTS .

AND GOSE ON TO SAY;

YOUR SCHEDULE IS SUBJECT TO CHANGE DEPENDING ON AVAILABILITY AND OPERATIONAL NEEDS;

THE ABOVE WAS NOT AN ISSUE,,,

EMPLOYER GOSE ON TO SAY;

YOU ARE BEING HIRED AS A PART-TIME/TEMPORARY SECURITY OFFICER;

AND GOSE ON TO SAY,

YOU MAY WORK FULL-TIME HOURS, BUT YOU WILL BE CLASSIFIED AS A PART-TIME/TEMPORARY EMPLOYEE.

AND GOSE ON TO SAY; IF YOU HAVE ANY QUESTIONS, THEY SHOULD BE DIRECTED TO YOUR ASSIGNED SUPERVISORS.

AND GOSE ON TO SAY,

2

*Page 13 of 13.*

I ACCEPT THIS POSITION, THIS CONTRACT AGREEMENT POSITION, THE CLAIMANT HAS A CHOICE;

AND GOSE ON TO ASK FOR A SIGNATURE, AND A DATE.

AND GOSE ON TO SAY;

A CHOICE NOT TO EXCEPT/OR I DECLINE THIS CONTRACT POSITION, AND ASK FOR A SIGNATURE OF NO CONTRACT AGREEMENT....

*Respectfully Submitted*

THE CLAIMANT

*Larry D. LEE /*
*15534 Zabolio #231*
*Webster, Texas 77598*

3

Received 7/22/2016 1:31:44 PM [Central Daylight Time] in 09-11 on line [1] for: McAllen Main - Pg 6 / 30

*52 - A*

*-10. r i Qureshi / Hearing officer. Page 1 of 3.*
*appeal No: 2065692-1*
*Notice to the Employer of unfair and*
*EXHibit (5)*

WESTEX SECURITY/AT CNPT-ACCOUNT-MANAGER/TONY LEWIS....   05-03-2016

*discrimination acts and issues in the workplace*

WE ARE FRUSTRATED WITH THE COMPANY, FAILURE TO REMEDY AN ONGOING PROBLEMS
AND  ISSUES THAT AFFECT ALL OF US..

MR. LEWIS YOU HAD UNLIMITED POWER HERE AT CNPT , AS AN ACCOUNT MANAGER,
YOU STATED TO ME,  THAT YOU HAVE EXPERIENCED IN THIS FIELD, YOUR
ATTITUDE, LESSONS, PERCEPTIONS, AND VALUE ARE TWISTED ON THE ISSUES EQUAL
TREATMENT,  AND FAIR OPPORTUNITY TO ALL RACE OF PEOPLE, THIS IS A DIVERSE
WORKPLACE  ENVIRONMENT.

I HAVE SERVE THIS SECURITY COMPANY FOR ABOUT [ FIVE-YEARS ] AS A
SUPERVISOR, A PROUD FIVE YEARS OF SERVES, HAVE SUPERVISED A BUSINESS
CORPERATION, CONTRACT FOR THREE YEARS FOR WESTEX, OVER HUNDRED HOURS OF
OVERTIMES, I DID NOT WANT, BUT WAS DEDICATED TO MY JOB AND THIS WESTEX
COMPANY AND ALL CONCERNED, REGARDLESS OF THE TIMES I NEED TO BE WITH MY
FAMILY AND FRIENDS, I HAVE MADE THE SACRIFICES AND DESERVE ALL OF THE
ABOVE TREATMENTS BY YOU AS AN ACCOUNT MANAGER AND THIS COMPANY...
AFRICAN-MERICANS, BLACKS, NEGROS,  ARE NOT SECOND CLASS TO ANY OTHER RACE
OF HUMANS/RACE PEOPLE, WE DESERVE TO BE TREATED WITH DIGNITY AND RESPECT,
PROFESSIONALISM AND HAVE THE SAME OPPORTUNITY IN THE WORKPLACE AS OTHERS
FELLOW WORKERS, BROTHERS, SISTERS, THAT ARE NON-OF THE ABOVE.

1. WE ARE ALL SECURITY OFFICERS, LICENSED BY THE STATE TEXAS AND WE ARE
PROFESSIONAL IN OUR FIELD...
2. I HAVE MAINTAINED THE CODE OF CONDUCT UNDER MY PROFESSIONAL LICENSE BY
THE STATE OF TEXAS AND UNDER WESTEX CODE OF CONDUCT WITH RESPECT TO ALL
INVOLVED OR CONCERNED ON THE ABOVE MATTERS..
3. I'V MET ALL OF WESTEX UNIFORM CODES AND HAVE TAKEN RESPONSIBLE FOR THE
KEEPING OF MY UNIFORMS, CLEAN, NEAT CONDITIONS, AND WEAR THE SHIELD BADGE
, S.O/MATCHING SET..
MR. LEWIS BASED ON YOUR RANDOM CHOICE'S, YOUR PERSONAL WHIM, RATHER THAN
ANY REASON OR A SYSTEM, YOU CHOSEN A PARTICULAR REASON NOT BASEON REASON,
DONE WITHOUT CONCERN FOR WHAT IS RIGHT AND FAIR FOR ALL
EMPLOYEES/SECURITY OFFICERS AT THIS FACILITY THIS IS UNACCEPTABLE, YOU
HAVE HUMLIATED ME, TOYING WITH ME, AND MONITORING ME AND YOU HAVE LABELED
ME, THIS IS WRONG SIR...

I BELIEVE, I WAS SUBJECT TO RETALIATION FOR VOICING MY CONCERNS, ON THE
E-MAIL ON DATE 03-10-2016, AND REQUEST A CHANGE OF SHIFT TO WORK
OVERNIGHT FROM/ 10PM TO 6AM, ON DATE 03-14-2016,AND ON 03-17-2016,
MANAGER  LEWIS AND ASST-MANAGER CHRIS ,MANAGER LEWIS STATED TO ME HE WILL
NOT ACCOMMODATE  ME ON MY REQUEST FOR A SHIFT CHANGE,  I WAS DENIED ON B-
1, IN THE PUBLIC , IN FRONT OF OTHER PEOPLE,  ON THAT SAME DATE, 03-17-
2016,I REQUESTED TO HAVE A MEETING WITH THE ACCOUNT MANAGERS BOTH OF
THEM, TONY SAID OK, I WILL GET BACK WITH YOU ON A DATE, , HE NEVER DID.
AND OTHER POSITION BECAME AVAILABLE, NEW POSITION WERE NEVER POSTED AS
VACANCIES-OPEN, I WAS DENIED, AND ON DATE04-29-2016, ACCOUNT MANADER -
TONY LEWIS AND ASST. MANAGER -CHRIS BAULCH AND CNPT MANAGER FOR THE 29TH
FLOOR CHRIS IN THE PUBLIC ON B-1 FLOOR, I HAD KNOWLEDGE, OF ISSUES THAT
EFFECT OUR WORKPLACE AND ENVIRONMENT..
AND THESE ARE MY CONCERNS;

*Respectfully, Submitted*
*Larry D Lee*
*12-08-2016*